1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MARIO CORDERO,

Plaintiff,

vs.

K. SANTORO, ET AL,

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. CV 13-7134-MWF (DTB)

ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND

Plaintiff, while incarcerated at the RJ Donovan State Prison in San Diego, California filed a pro se Complaint herein pursuant to 42 U.S.C. § 1983 on September 6, 2013, after being granted leave to proceed in forma pauperis.

On October 15, 2013, plaintiff filed a document entitled "Motion to Dismiss [sic] Without Prejudice" and on October 17, 2013, filed a document entitled "Motion to Dismiss Without Prejudice."  It appeared to the Court that plaintiff was seeking to voluntary dismiss his Complaint without prejudice in order to exhaust his available state remedies.  As such, on October 24, 2013, the Court directed the Clerk to provide plaintiff with a blank Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (C) form plaintiff's use in dismissing his Complaint.

On November 7, 2013, the Court received and filed a Notice of Change of Address, which was dated October 3, 2013.  In his Notice of Change of Address, plaintiff advised the Court that he was no longer in custody, and asked to be kept informed.  Therefore, on November 13, 2013, the Court issued a Minute Order providing plaintiff with a status of this action.  Plaintiff was advised that if he still desired to voluntarily dismiss his Complaint, he must do so by filing a Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).  However, if plaintiff desired to proceed with this action, he must pay his initial partial filing fee in the amount of $6.66.  As plaintiff had failed to file a Notice of Dismissal or pay his initial partial filing fee, the Court issued an Order to Show Cause re Dismissal for Failing to Pay Initial Partial Filing Fee ("OSC") on December 26, 2013.  In response to the Court's OSC, plaintiff paid his initial partial filing fee on January 9, 2014.

Plaintiff has now paid his initial partial filing fee; therefore the Court hereby VACATES the OSC [Dkt. # 10].  As it now appears that plaintiff desires to proceed with this action, the Court has evaluated the Complaint and the claims alleged therein. Although not a model of clarity, insofar as the Court can glean, the Complaint alleges that prison officials violated plaintiff's Constitutional rights, including his right of free association, due process, and freedom from cruel and unusual punishment, as a result of various administrative errors and misconduct.  (Complaint at 5.)

Specifically, plaintiff alleges that the "Correctional Case Records Analysis" ("CCRA") failed to properly evaluate plaintiff's discharge from parole in Case No. TA073290, which resulted in multiple errors in his legal and prison status; that CCRA employee Harrison ("Harrison") failed to acknowledge the error upon plaintiff's prison intake audit, which resulted in violations of plaintiff's rights and due process, thereby rendering his placement cruel and unusual; that the Warden, Kelly Santoro ("Santoro"), illegally imposed a prison gang validation which resulted in violations of plaintiff's rights, due process, cruel and unusual punishment, and "freedom"; and that the California Department of Corrections and Rehabilitation

2

1  ("CDCR") failed to discharge Case No. RIF150094 on the appropriate date, which
2  resulted in a violation of plaintiff's "rights and freedom." (Complaint at 5.)

3      The Complaint purports to be brought pursuant to 42 U.S.C. § 1983. Named
4  in the Complaint as defendants in their individual and official capacities are: CCRA;
5  Harrison; Santoro; and CDCR.

6      Plaintiff purports to be seeking compensatory damages against all defendants.

7      In accordance with the terms of the "Prison Litigation Reform Act of 1995"
8  ("PLRA"), the Court now has screened the Complaint prior to ordering service for
9  purposes of determining whether the action is frivolous or malicious; or fails to state
10 a claim on which relief may be granted; or seeks monetary relief against a defendant
11 who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C.
12 § 1997e(c)(1).

13     The Court's screening of the Complaint under the foregoing statutes is
14 governed by the following standards. A complaint may be dismissed as a matter of
15 law for failure to state a claim for two reasons: (1) Lack of a cognizable legal theory;
16 or (2) insufficient facts under a cognizable legal theory. See Balistreri v. Pacifica
17 Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint
18 states a claim on which relief may be granted, allegations of material fact are taken
19 as true and construed in the light most favorable to the plaintiff. See Love v. United
20 States, 915 F.2d 1242, 1245 (9th Cir. 1989). Moreover, since plaintiff is appearing
21 pro se, the Court must construe the allegations of the Complaint liberally and must
22 afford plaintiff the benefit of any doubt. See Karim-Panahi v. Los Angeles Police
23 Dep't, 839 F.2d 621, 623 (9th Cir. 1988). However, "the liberal pleading standard
24 ... applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319,
25 330 n.9, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). "[A] liberal interpretation of a
26 civil rights complaint may not supply essential elements of the claim that were not
27 initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir.
28 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir.1982)).

1    Pursuant to Fed. R. Civ. P. 8(a), a complaint must contain "a short and
2  complete statement of the claim showing that the pleader is entitled to relief."  As the
3  Supreme Court has held, Rule 8(a) "requires a 'showing,' rather than a blanket
4  assertion, of entitlement to relief," and that "a plaintiff's obligation to provide the
5  'grounds' of his 'entitlement to relief requires more than labels and conclusions, and
6  a formulaic recitation of the elements of a cause of action will not do. . . . Factual
7  allegations must be enough to raise a right to relief above the speculative level." See
8  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L. Ed.
9  2d 929 (2007) (internal citations omitted).  Where the allegations in a complaint "do
10  not permit the court to infer more than the mere possibility of misconduct, the
11  complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to
12  relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937; 173 L. Ed. 2d 868
13  (2009), quoting Fed. R. Civ. P. 8(a)(2).  Thus, plaintiff must allege a minimum factual
14  and legal basis for each claim that is sufficient to give each defendant fair notice of
15  what plaintiff's claims are and the grounds upon which they rest.  See, e.g., Brazil v.
16  United States Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995); McKeever v.
17  Block, 932 F.2d 795, 798 (9th Cir. 1991).  Moreover, failure to comply with Rule 8(a)
18  constitutes an independent basis for dismissal of a complaint that applies even if the
19  claims in a complaint are not found to be wholly without merit.  See McHenry v.
20  Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); Nevijel v. Northcoast Life Ins. Co., 651
21  F.2d 671, 673 (9th Cir. 1981).

22    After careful review and consideration of the Complaint under the foregoing
23  standards, the Court finds that it suffers from the pleading deficiencies discussed
24  below.  Accordingly, the Complaint is dismissed with leave to amend.  See Noll v.
25  Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that a pro se litigant must be
26  given leave to amend his complaint unless it is absolutely clear that the deficiencies
27  of the complaint cannot be cured by amendment).  If plaintiff still desires to pursue
28  / / /

4

1   this action, he is ORDERED to file a First Amended Complaint within thirty (30)

2   days of the date of this Order remedying the deficiencies discussed below.

3

4                              **DISCUSSION**

5   **I.   Plaintiff's allegations are insufficient to state a § 1983 claim for monetary**

6        **damages against CCRA, CDCR or the individual defendants in their**

7        **official capacities.**

8        In <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 64-66, 109 S. Ct.

9   2304, 105 L. Ed. 2d 45 (1989), the Supreme Court held that states, state agencies, and

10  state officials sued in their official capacities are not persons subject to civil rights

11  suits under 42 U.S.C. § 1983.  The Supreme Court reasoned that a suit against a state

12  official in his or her official capacity is a suit against the official's office, and as such

13  is no different from a suit against the State itself, which would be barred by the

14  Eleventh Amendment.  <u>See id.</u> at 64-66; <u>see also</u> <u>Romano v. Bible</u>, 169 F.3d 1182,

15  1185 (9th Cir. 1999); <u>Stivers v. Pierce</u>, 71 F.3d 732, 749 (9th Cir. 1995).  In addition,

16  "the Eleventh Amendment bars actions against state officers sued in their official

17  capacities for past alleged misconduct involving a complainant's federally protected

18  rights, where the nature of the relief sought is retroactive, <u>i.e.</u>, money damages." <u>Bair</u>

19  <u>v. Krug</u>, 853 F.2d 672, 675 (9th Cir. 1988).

20       To overcome the Eleventh Amendment bar on federal jurisdiction over suits

21  by individuals against a State and its instrumentalities, either the State must have

22  consented to waive its sovereign immunity or Congress must have abrogated it;

23  moreover, the State's consent or Congress' intent must be "unequivocally expressed."

24  <u>See</u> <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 99-100, 104 S. Ct.

25  900, 79 L. Ed. 2d 67 (1984).  While California has consented to be sued in its own

26  courts pursuant to the California Tort Claims Act, such consent does not constitute

27  consent to suit in federal court.  <u>See</u> <u>BV Engineering v. Univ. of Cal., Los Angeles</u>,

28  858 F.2d 1394, 1396 (9th Cir. 1988); <u>see also</u> <u>Atascadero State Hosp. v. Scanlon</u>, 473

U.S. 234, 241, 105 S. Ct. 3142, 87 L. Ed. 2d 171 (1985) (holding that Art. III, § 5 of the California Constitution did not constitute a waiver of California's Eleventh Amendment immunity).  Furthermore, Congress has not abrogated State sovereign immunity against suits under 42 U.S.C. § 1983.  Moreover, since CDCR (and its departments, such as CCRA) is an agency of the State of California, it is entitled to Eleventh Amendment immunity.  (See Brown v. California Department of Corrections, 554 F. 3d 747, 752 (9th Cir. 2009) (CDCR is a state agency entitled to 11th Amendment immunity).  As plaintiff has sued the individual defendants in their official capacities, they are immune from such official capacity suit.  Accordingly, the Complaint must be dismissed.

*******************

If plaintiff chooses to file a First Amended Complaint, it should bear the docket number assigned in this case; be labeled "First Amended Complaint"; and be complete in and of itself without reference to the original Complaint or any other pleading, attachment, or document.  The clerk is directed to send plaintiff a blank Central District civil rights complaint form, which plaintiff is encouraged to utilize.

**Plaintiff is admonished that, if he fails to timely file a First Amended Complaint, the Court will recommend that this action be dismissed without prejudice on the grounds set forth above and for failure to diligently prosecute.**

DATED: February 10, 2014

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

6